IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Helen Davis, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-2391 |
| | ) |
| Nationwide Capital Services, LLC, a | ) |
| Nevada limited liability company, | ) |
| | ) |
| Defendant. | ) <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Helen Davis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Helen Davis ("Davis"), is a citizen of the State of Kansas, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Western Shamrock.

4. Defendant, Nationwide Capital Services, LLC ("Nationwide"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone and/or credit reporting

to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Nationwide operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Kansas.

5. Defendant Nationwide was acting as a debt collector as to the debt it attempted to collect from Ms. Davis.

6. Defendant Nationwide is authorized to conduct business in the State of Kansas and maintains a registered agent here, see, record from the Kansas Secretary of State, attached as Exhibit A. In fact, Defendant Nationwide conducts business in Kansas.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Ms. Davis was unable to pay her debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to Western Shamrock. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant who then attempted to collect the debt from Ms. Davis via, among other means, a negative credit report.

8. Defendant also attempted to collect the debt from Ms. Davis by having another debt collector, Rockland Resource, send her a collection letter on March 2, 2024, demanding payment of the Western Shamrock debt. A copy of this collection letter is attached as Exhibit B.

9. Accordingly, Ms. Davis's attorney wrote to Defendant on June 19, 2024, via an email letter, through its debt collector, to inform Defendant that Ms. Davis was

represented by counsel and to note that she questioned the correctness of the Western Shamrock debt that Defendant were trying to collect from her. A copy of this email letter is attached as Exhibit C.

10.     On July 27, 2024, Ms. Davis obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the debt but had failed to note that the debt was disputed. The pertinent part of Ms. Davis' TransUnion credit report is attached as Exhibit D.

11.     As a result of Defendant's failure to note that the debt was disputed, when it continued to report the debt to TransUnion, Ms. Davis was also forced to take an action to her detriment, by taking the time, effort, and/or expense of having her attorneys send Defendant a letter, reminding Defendant that she had disputed the debt that it was reporting, and to stop its incorrect credit reporting. A copy of this letter is attached as Exhibit E.

12.     Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

13.     Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate

credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

14.  Defendant's collection actions negatively impacted Ms. Davis' credit score and cost her time, effort and/or expense to try and correct Defendant's actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

15.  All of Defendant's collection actions at issue in this matter occurred within one year of the date of this

## COUNT I
### Violation Of § 1692e (8) Of The FDCPA – Failing To Report That A Disputed Debt Is Disputed

16.  Plaintiff adopts and realleges ¶¶ 1-15.

17.  Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18.  Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and failing to report that the debt

4

was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

19. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Helen Davis, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Davis, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Helen Davis, demands trial by jury.

                Helen Davis

                By: /s/ James R. Crump
                One of Plaintiff's Attorneys

                By: /s/ David J. Philipps
                One of Plaintiff's Attorneys

Dated: August 28, 2024

James R. Crump   (#78704)
Ryan M. Callahan   (#25363)
Callahan Law Firm, LLC
222 West Gregory, Suite 210
Kansas City, Kansas 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com


David J. Philipps   (Ill. Bar No. 06196285)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com