# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HELEN DAVIS,

        *Plaintiff*,

v.

NATIONWIDE CAPITAL SERVICES,
LLC,

        *Defendant*.

Case No. 24-cv-2391-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Helen Davis filed suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. She asserts two claims—one under § 1692e(8) and the other under § 1692f—against Defendant Nationwide Capital Services, LLC ("NCS"). Before the Court is Defendant's Motion to Dismiss (Doc. 39). It contends that Plaintiff lacks standing to bring these claims, and thus the Court lacks jurisdiction. For the reasons stated below, the Court finds that Plaintiff adequately alleges a tangible injury in fact sufficient to satisfy standing and thus denies Defendant's Motion.

## I.      Factual and Procedural Background[1]

Due to financial difficulties, Plaintiff was unable to pay her debts, including a consumer debt allegedly owed to Western Shamrock. After the debt went into default, Defendant NCS, a debt collector, purchased it. Defendant attempted to collect the debt via, among other means, a

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

negative credit report. In addition, Defendant attempted to collect the debt by having another debt collector, Rockland Resource, send Plaintiff a collection letter on March 2, 2024, demanding payment of the debt.

On June 19, 2024, via an email letter, Plaintiff's attorney wrote to Rockland Resource informing it that, among other things, Plaintiff questioned the correctness of the Western Shamrock debt that Defendant was attempting to collect. On July 27, 2024, Plaintiff obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the debt but failed to note the debt was disputed. Because of Defendant's failure to note that the debt was disputed when it continued to report the debt to TransUnion, Plaintiff had her attorneys send Defendant another letter on August 27, 2024, reminding Defendant that Plaintiff disputed the debt and to stop reporting it incorrectly.

Plaintiff filed suit on August 28, 2024. In her Complaint, she contends that Defendant's failure to note that the debt was disputed harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. Plaintiff alleges a violation of (1) 15 U.S.C. § 1692e(8), failing to report that a disputed debt is disputed; and (2) 15 U.S.C. § 1692f, unfair or unconscionable collection actions.

Defendant has now filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(h)(3), contending that Plaintiff does not allege that she suffered any concrete injuries because of Defendant's alleged violation of the FDCPA. Thus, Defendant argues that Plaintiff lacks standing, and the Court should dismiss the case for lack of subject matter jurisdiction.

## II.    Legal Standard

Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." "Federal courts are courts of limited

jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."[2] A standing challenge is an attack on the Court's subject matter jurisdiction and analyzed under Rule (12)(b)(1).[3] Rule 12(b)(1) arguments take two forms: (1) a facial attack on the sufficiency of complaint's allegations as to the court's jurisdiction or (2) a factual attack on the facts upon which subject matter is based.[4] This case involves a facial attack, and therefore, the Court must view the factual allegations in the Complaint as true but viewed through the *Iqbal/Twombly* plausibility standard.[5]

## III.    Analysis

Defendant contends that Plaintiff fails to allege an injury in fact and thus does not have standing to bring her claims. Article III standing is a threshold question central to the Court's subject matter jurisdiction.[6] To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[7] The plaintiff bears the burden of showing that Article III standing exists.[8]

To demonstrate an injury in fact, a plaintiff must establish that he or she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

---

[2] *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citation omitted).

[3] *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) ("Our court has repeatedly characterized standing as an element of subject matter jurisdiction.").

[4] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[5] *Id*. at 1002.

[6] *United States v. McVeigh*, 106 F.3d 325, 334 (10th Cir.1997) (citation omitted).

[7] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[8] *Id*. (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

imminent, not conjectural or hypothetical.'"[9] A "concrete" injury "must actually exist," while a particularized injury "must affect the plaintiff in a personal and individual way."[10] A concrete injury may be tangible or intangible.[11] A traditional tangible injury is physical or monetary harm.[12] To determine "whether an intangible harm is sufficiently concrete to constitute an injury in fact, [the court] look[s] to both history and to the judgment of Congress."[13] Some intangible harms include "reputational harms, disclosure of private information, and intrusion upon seclusion."[14]

In this case, Plaintiff contends that her harms are both intangible and tangible. As to her intangible injuries, Plaintiff alleges that Defendant's failure to note that the debt was disputed harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. As to her tangible injuries, Plaintiff alleges that Defendant's failure to note that the debt was disputed when it continued to report the debt to TransUnion caused Plaintiff to take the time, effort, and expense of having her attorneys send Defendant another letter.

The Court will only address Plaintiff's tangible injuries at this time as Plaintiff's allegations are sufficient for standing.[15] Several circuits have determined that allegations of extra time, effort,

---

[9] *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560).

[10] *Id.* at 339–40 (citations omitted).

[11] *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1191 (10th Cir. 2021) (citing *Spokeo*, 578 U.S. at 340–41).

[12] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021).

[13] *Lupia*, 8 F.4th at 1191.

[14] *TransUnion*, 594 U.S. at 425.

[15] As to intangible injuries, Defendant only addresses Plaintiff's allegation of injury to her credit score and does not address Plaintiff's allegation that her credit reputation was impaired. Furthermore, Defendant's arguments on this point rely on cases from outside this circuit that primarily discuss Fair Credit Reporting Act ("FCRA") law instead of FDCPA law. Plaintiff directs the Court to several cases that have determined that reputational harm is sufficient for Article III standing under the FDCPA. Defendant, however, failed to file a reply and did not address this case law. The Court declines to make a ruling on whether Plaintiff's allegations of intangible injuries are sufficient for Article III standing. *See, e.g., Mack v. Resurgent Cap. Servs., L.P.*, 70 F.4th 395, 408 (7th Cir. 2023) (determining that the plaintiff alleged tangible injuries and declining to address the plaintiff's alternative argument that standing was supported by allegations that the defendant's letter "intruded upon her seclusion or invaded her privacy.").

and expense sufficiently allege a tangible injury in fact to satisfy Article III standing. In *Ebaugh v. Medicredit*,[16] the Eighth Circuit reversed the district court's conclusion that the plaintiff did not have standing to bring her FDCPA claim.[17] It stated that the plaintiff "clearly alleged facts demonstrating that she suffered a concrete injury when she purchased postage and an envelope to send [Defendant's] improper communication to her counsel, an act that was caused by the FDCPA violation and that was necessary to allow reassertion of [the plaintiff's] right not to be contacted directly while represented by counsel."[18] In addition, in *Mack v. Resurgent Capital Services*, the Seventh Circuit considered a claim brought under § 1692g(a) of the FDCPA and stated that in applying the plausibility standard under *Twombly*, "it is reasonable to infer that [the plaintiff] re-disputed the debt, and in doing so suffered a concrete injury at least in the form of postage paid to send the second validation request."[19] Accordingly, the Seventh Circuit determined that the time and money spent by the plaintiff on a second letter to the defendant was a tangible concrete injury in fact sufficient to confer standing upon the plaintiff.[20]

Here, Plaintiff alleges that Defendant's failure to state that the debt was disputed when it continued to report the debt to TransUnion caused Plaintiff to take the time, effort, and expense of having her attorneys send Defendant a second letter disputing the debt. Defendant does not specifically address whether the time, effort, and money constitute a tangible injury.[21] Instead, it argues that Plaintiff fails to contend in her Complaint that the amount of debt was incorrect. But,

---

[16] 2025 WL 1088077 (8th Cir. Apr. 11, 2025).

[17] *Id.* at *1.

[18] *Id.*

[19] *Mack*, 70 F.4th at 405.

[20] *Id.* at 405–06; *see also Walters v. Fast AC, LLC*, 60 F.4th 642, 649 (11th Cir. 2023) (noting that with a Truth in Lending Act claim, the plaintiff's evidence that he "lost time, money and peace" were "garden-variety injuries in fact under Article III").

[21] As noted above, Defendant did not file a reply to Plaintiff's response.

in fact, Plaintiff does allege in her Complaint that she questioned the correctness of the debt that Defendant was trying to collect from her. Because Plaintiff alleges that she spent additional time, effort, and expense informing Defendant (a second time) that her debt was disputed, she alleges a tangible injury. Accordingly, her allegations are sufficient to satisfy Article III standing.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2025.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE